## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY BADEAUX AND CANDIS**<br>**LAMBERT, individually and o/b/o**<br>**NEW ORLEANS SAINTS SEASON**<br>**TICKET HOLDERS, NEW ORLEANS**<br>**SAINTS NATIONAL FAN BASE**<br>**a/k/a THE WHO DAT NATION, ANY**<br>**PARTY WITH INTEREST THAT**<br>**HAS BEEN AFFECTED BY THE**<br>**OUTCOME,** | CIVIL ACTION NO. 19-cv-566<br><br>SECTION __, DIVISION __<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

Plaintiffs,

versus

**ROGER GOODELL as**
**COMMISSIONER OF THE**
**NATIONAL FOOTBALL LEAGUE,**
**NATIONAL FOOTBALL LEAGUE and**
**NFL PROPERTIES, LLC, Successor-in-**
**Interest to NFL PROPERTIES, INC.**

Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

The NFL Defendants—the National Football League ("NFL"), NFL Properties LLC, and Roger Goodell as Commissioner of the NFL (collectively, "the NFL Defendants")—respectfully notify Plaintiffs, this Court, and the state court that the captioned matter filed in the Civil District Court of Orleans Parish, Louisiana, on January 22, 2019, is hereby removed to the United States District Court for the Eastern District of Louisiana. Removal is proper because the allegations of Plaintiffs' Petition satisfy federal jurisdiction requirements set forth under the Class Action Fairness Act ("CAFA"). Accordingly, this removal is confected pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. This case has been brought by Plaintiffs as a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, with at least

one member of the class of plaintiffs being a citizen of a State different from at least one Defendant. The grounds for removal are as follows:

## I. GROUNDS FOR REMOVAL

1. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(d) (CAFA), because Plaintiffs' suit is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2). A defendant may remove an action to federal court under 28 U.S.C. § 1453 if the action falls within these parameters.

2. On January 22, 2019, the NFL Defendants were served by the named Plaintiffs—Tommy Badeaux and Candis Lambert—with an initial pleading entitled "Petition for Writ of Mandamus" (herein, "the Petition"), filed in the Civil District Court for the Parish of Orleans, State of Louisiana, and bearing docket number 19-707. A copy of the Petition, with the attached Verifications, Rule to Show Cause, and Citation of Service, along with all other pleadings filed in the state court, are attached hereto as *in globo* Exhibit A.

3. The Petition is a class action subject to CAFA. *See* 28 U.S.C. § 1332(d)(1)(B). In both the preamble paragraph to the Petition and in the Petition's Prayer for Relief, as well as in the Petition's caption, Mr. Badeaux and Ms. Lambert represent that they are bringing the action both "individually and on behalf of New Orleans Saints Season Ticket Holders, New Orleans Saints National Fan Base a/k/a The Who Dat Nation and any party with interest that has been affected by the outcome." Petition, at 1, 4. Additionally, when verifying the allegations of the Petition in their sworn Verifications, Mr. Badeaux and Ms. Lambert verified the allegations of the "Petition for Writ of Mandamus ***and/or Class Action Damages***." Exh. A, at Verifications (emphasis added).

4. Mr. Badeaux and Ms. Lambert could only purport to bring their claims in a representative capacity in Louisiana court, as reflected multiple times in the Petition and in their Verifications, pursuant to Louisiana Code of Civil Procedure articles 591, *et seq. See, e.g.*, La. C.C.P. art. 592(A) (establishing as the only prerequisite to moving for certification of a class the filing of an "initial pleading demanding relief ***on behalf of*** or against a class") (emphasis added). Where the substance of what Plaintiffs are purporting to do—to bring claims "on behalf of" classes of season ticketholders, fans, and others affected by the outcome—constitutes a class action enabled by articles 591 *et seq.*, then whether Plaintiffs labeled their Petition as a "class action" is not determinative. *La. ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008), *abrogated on other grounds*, *Miss. Ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 176 (2014). Mr. Badeaux and Ms. Lambert pray for judgment on their own behalves and also "on behalf of" other persons specified in the Petition; accordingly, this is a class action lawsuit.

5. Minimal diversity of citizenship as required by CAFA exists in this action.

6. At the time of filing Plaintiffs' Petition and at the time of this removal, named Plaintiffs Mr. Badeaux and Ms. Lambert were and remain citizens of the State of Louisiana.

7. At the time of filing Plaintiffs' Petition and at the time of this removal, Defendant NFL Properties LLC was and remains a Delaware Limited Liability Company, with a principal place of business in New York City, New York. The NFL is an unincorporated association comprised of the 32 separately owned and independently operated NFL Member Clubs, with its principal place of business in New York City, New York. Pursuant to 28 U.S.C. § 1332(d)(10), "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Accordingly, because both the NFL and NFL Properties LLC are citizens of New York (and,

additionally as to NFL Properties LLC, Delaware), while Mr. Badeaux and Ms. Lambert are citizens of Louisiana, CAFA's requirement of minimal diversity is met.

8.   At the time of filing Plaintiffs' Petition and at the time of this removal, the amount-in-controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

> Where, as here, the case is removed from a state jurisdiction that does not require the plaintiff to specifically plead the amount in controversy, the defendant may satisfy this burden by demonstrating that it is 'facially apparent' from the petition that the claims are above the jurisdictional amount. Under these circumstances, the defendant need not prove the jurisdictional amount to a legal certainty. It is enough that the defendant demonstrates that the plaintiff's claim 'more likely than not' meets the jurisdictional requirement.

*JMCB, LLC v. Bd. of Commerce & Indus.*, 293 F. Supp. 3d 580, 587 (M.D. La. 2017) (internal citations and quotation marks omitted). "If it is not apparent from the face of the complaint, then the court may rely on summary judgment type evidence to ascertain the amount in controversy." *Royal Alice Properties, LLC v. Atkins*, 2013 WL 4434951, *4 (E.D. La. 8/14/2013).

9.   Plaintiffs' Verifications confirm that their Petition is, in part, a Petition "for Class Action Damages." Exh. A, at Verifications. On the face of the Petition, Plaintiffs specify numerous categories of damages at issue. Plaintiffs allege that they "have been left bereft and with no faith in the National Football League for fairness despite the leagues [sic] own rules to correct such errors, along with emotional anguish, ***monetary loss for ticket holders, who purchased tickets with the presumption of integrity and fairness***[.]" Petition, ¶ 8 (emphasis added). Plaintiffs further itemize their categories of damage as "[p]ast, present and future mental anguish and emotional trauma"; "[p]ast, present and future loss of faith in the National Football League"; "[p]ast, [p]resent and future loss of enjoyment of life"; "[p]resent and future loss of entertainment"; "[d]istrust of the game which has become the National pastime"; and "[o]ther damages itemized at the trial of this matter." Petition, ¶ 11(a)-(g).

–4–

10. The sum or value of the alleged damages for "monetary loss for ticket holders, who purchased tickets with the presumption of integrity and fairness," Petition ¶ 8, is easily ascertainable. "The average ticket price to attend the 2019 National Football Conference Championship Game in New Orleans, Louisiana, on January 20, 2019, was approximately $230, and more than 72,000 ticketholders attended that game." Affidavit of Joseph Siclare (Jan. 25, 2019), at ¶ 2 (Exh. B hereto). Accordingly, just this one category of damages alleged on the face of the Petition far eclipses CAFA's $5,000,000 amount-in-controversy threshold.

11. Independently, the value of the mandamus relief sought by Plaintiffs, the rescheduling of the Game or some portion thereof,[1] is well in excess of CAFA's $5,000,000 threshold, based on the costs associated with the delays this would necessarily cause in conducting Super Bowl LIII. *See* Affidavit of Joseph Siclare, at ¶ 3; *see also Royal Alice Properties*, 2013 WL 4434951 at *4 (calculating the value of the requested mandamus relief for purposes of jurisdictional amount-in-controversy); *Hamp's Constr., LLC v. Tag-Miss. Enters., LLC*, 2009 WL 2356671, *2-3 (E.D. La. 7/27/2009) (valuing damages and requested injunctive relief separately for determining amount in controversy); *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 634 (8th Cir. 2017) (considering the value of "unspecified injunctive relief" in determining the amount in controversy).

12. Plaintiffs seek further categories of damages, including broad catch-alls for "[o]ther damages itemized at the trial of this matter" and "all general and equitable relief," Petition, ¶ 11 and Prayer for Relief. Combined with the ticketholder monetary damage claim and the value of the requested mandamus relief, these additional catch-alls bolster that it is facially apparent from

---

[1] Plaintiffs seek "a writ of mandamus be ordered by th[e] Court[,]" Petition at 4 (Prayer for Relief), presumably to direct Mr. Goodell as Commissioner of the NFL to reverse the Game's result or to reschedule the Game either from its "'beginning or from the point at which the extraordinary act occurred.'" Petition, ¶ 4 (quoting NFL Rule 17, § 2, Art. 3).

the Petition that the total amount-in-controversy exceeds CAFA's $5,000,000 threshold by several multiples.

13. Accordingly, Plaintiffs' claims against the NFL Defendants are removable under CAFA, specifically pursuant to 28 U.S.C. §§ 1332(d) and 1453.

## II.  REMOVAL IS PROCEDURALLY PROPER

14. The United States District Court for the Eastern District of Louisiana is the federal district in which this action is pending, embracing the location of the Civil District Court for the Parish of Orleans, State of Louisiana. *See* 28 U.S.C. §§ 1441(a), 1446(a).

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed three days after receipt by the NFL Defendants of the Petition.

16. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

17. In accordance with 28 U.S.C. § 1447(b) and LR 3.2, the NFL Defendants attach as *in globo* Exhibit A copies of all records and proceedings filed in the state court as of the time of the filing of this Notice of Removal.

18. In filing this Notice of Removal, the NFL Defendants do not waive any defenses that may be available, including without limitation jurisdiction, venue, standing, or failure to state a claim upon which relief can be granted. Nor do the NFL Defendants admit any of the factual allegations in the Petition. Instead, the NFL Defendants expressly reserve their right to contest those allegations in due course and at the appropriate times as directed by this Court and the applicable Rules of Civil Procedure.

WHEREFORE, the NFL Defendants remove this above-captioned action from the Civil District Court for the Parish of Orleans, State of Louisiana, to this United States District Court for the Eastern District of Louisiana, on this date, January 25, 2019.

Respectfully submitted,

*/s/ H.S. Bartlett III*
Gladstone N. Jones, III (La. Bar No. 22221)
H.S. Bartlett III (La. Bar No. 26795)
Lynn E. Swanson (La. Bar No. 22650)
Peter N. Freiberg (La. Bar No. 22912)
Jones, Swanson, Huddell & Garrison, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, La. 70130
(504) 523-2500
(504) 523-2508 (facsimile)

**Attorneys for the NFL Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Notice of Removal was served on counsel of record by email or facsimile transmission, as well as by First-Class postage-prepaid U.S. Mail, on this date, the 25th day of January, 2019, as follows:

Frank J. D'Amico, Jr.
Frank J. D'Amico, Jr., APLC
4608 Rye Street
Metairie, La. 70006

James R. Dugan, II
David S. Scalia
The Dugan Law Firm, APLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130

James M. Williams
Chehardy Sherman & Williams
One Galleria Boulevard, Suite 1100

Metairie, LA  70001

Roderick Alvendia
J. Bart Kelly, III
Jeanne K. Demarest
Law Office of Alvendia, Kelly & Demarest, LLC
909 Poydras Street, Suite 1625
New Orleans, LA  70112

Anthony D. Irpino
Irpino Avin & Hawkins
2216 Magazine Street
New Orleans, LA  70130

*H.S. Bartlett III*
H.S. Bartlett III