UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMY BADEAUX AND CANDIS LAMBERT, individually and on behalf of NEW ORLEANS SAINTS SEASON TICKET HOLDERS, NEW ORLEANS SAINTS NATIONAL FAN BASE a/k/a THE WHO DAT NATION, ANY PARTY WITH INTEREST THAT HAS BEEN AFFECTED BY THE OUTCOME | NO. 2:19-CV-00566<br><br>JUDGE: "E"<br><br>MAGISTRATE: (5) |
| VERSUS | |
| ROGER GOODELL as COMISSIONER OF THE NATIONAL FOOTBALL LEAGUE, NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES, LLC, Successor-in-interest to NFL PROPERTIES, INC. | |

**SUPPLEMENTAL BRIEFING REGARDING SUBJECT MATTER JURIDICTION, AND PLAINTIFFS' STANDING TO PETITION FOR A WRIT OF MANDAMUS**

**MAY IT PLEASE THE COURT**:

Following the hearing today, the Court has asked for additional briefing on the issues discussed, including 28 U.S.C. § 1332(d) ("CAFA") subject matter jurisdiction, and mandamus.

**I. THERE IS NO SUBJECT MATTER JURISDICTION AND THE MATTER SHOULD BE REMANDED.**

At the outset, plaintiffs reiterate their position that this Court has no subject matter jurisdiction. The Petition for a Writ of Mandamus, an extraordinary action, seeks no money damages thus there is no amount in dispute, and the case should be remanded to state court.

**A. Diversity of Citizenship.**

**1. Roger Goodell's Citizenship.**

Complete diversity is lacking at the time of the removal. While defendants Notice of Removal states that the NFL and NFL Properties, LLC are diverse in citizenship from Plaintiffs, they make no statement at all as to Defendants Roger Goodell's citizenship,  As such the requirements for removal have not been met.  This Court has recognized

> "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs "***The jurisdictional facts supporting removal are examined as of the time of removal***." "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[1]

The defendants, having made no jurisdictional statement of fact as to Roger Goodell in the Notice of Removal, have failed to meet their burden.  Any ambiguity must be construed against removal.  This matter should be remanded to the Civil District Court for the Parish of Orleans.

**2. The NFL's Citizenship**

The defendants have argued that The NFL is, for purposes of federal subject matter jurisdiction an unincorporated association such as the NFL is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.  While defendants state the NFL principal place of business to be in New York, they make no statement at all regarding under which state's laws its organized.  This is a required jurisdictional fact that defendants have failed to put forth.  As is the case with the failure to allege facts as to Roger

---

[1] *Chiriaco v. S. Fid. Ins. Co.*, No. 16-13165, 2016 U.S. Dist. LEXIS 131264 (E.D. La. Sep. 26, 2016), *4-5, (internal citations omitted) (emphasis added)

2

Goodell's citizenship, it is a necessary fact missing at the time of removal.  There is therefore no diversity established, and the matter must be remanded.

### 3.  Amount in Controversy

As plaintiffs have previously briefed, the amount in controversy is measured by the value to the plaintiff.  While defendants argue that case law in this district suggests that the court may rely on summary judgment type evidence to determine amount in controversy in a mandamus action, the case cited does not align with the facts of the instant case. In *Royal Alice Props, LLC v Atkins*,[2] cited by defendants, a writ of mandamus was sought to compel the Clerk of Court for Orleans Parish to cancel judicial mortgages securing more than $500,000 easily meeting the requisite amount in controversy. Plaintiffs here seek a writ of mandamus to compel the Commissioner to follow the NFL Rules. There is no tangible evidence of the value of that relief, such as a lien or mortgage as in *Atkins*.

## II.  MANDAMUS AGAINST THE NFL

While it is true that  the NFL is an unincorporated association, this should not preclude a writ of mandamus from issuing.  Louisiana law[3] has found that an unincorporated association is a separate juridical person.  A juridical person is an entity to which the law attributes personality, such as a corporation or partnership.  The personality of the juridical person is distinct from that of its members. It has the procedural capacity to sue and be sued in its own name. An unincorporated association is created in the same manner as a partnership, by a contract between two or more persons to combine their efforts, resources, knowledge or activities for a purpose other than profit or commercial benefit. The charter, constitution and by-laws of an association constitute and/or the contract between the members and the association.

---

[2] *Royal Alice Props., LLC v. Atkins*, 2013 U.S. Dist. LEXIS 114806
[3] See; *Ermert v. Hartford Ins. Co*., 559 So. 2d 467 (La. 1990)

NFL has charter and/or constitution and/or by-laws. It has officers, including Goodell. It sues and has been sued in its own name. In Its Notice of Removal, the defendants refer to themselves as the National Football League ("NFL") NFL Properties, LLC and Roger Goodell. The defendants do not allege that the NFL can't be sued in its own name and therefore has judicially admitted that it has the procedural capacity to be sued in its own name

### III. DEFENDANTS MISSTATE THE FACTS

The NFL's inaccurate statements during oral argument could have the unintended consequence of misleading the Court into thinking that the NFL Commissioner has never reversed an official's decision after a game ended. This is not true.

On page 3 of "NFL Defendant's Brief Regarding CAFA Jurisdiction, Standing, and Right of Plaintiffs to Seek Extraordinary Writ of Mandamus" they state:

> 2019 will Mark the NFL's centennial season . . . To our knowledge, no game has ever been replayed . . . And it has certainly been true notwithstanding errors in the enforcement of playing rules or even the deliberate evasion of those rules.

NFL Defendants reinforced this position during oral argument boldly proclaiming that in the ninety-nine-year history of the National Football League the Commissioner has never used his Rule 17 authority to compel teams to return to the field and replay a portion of a game that has already ended. However, history belies this contention.

On December 16, 2001, the Jacksonville Jaguars played an NFL game against the Cleveland Browns. The Browns were driving for a potential winning touchdown late in the game when receiver Quincy Morgan caught a fourth-and-1 pass for a first down. Quarterback Tim Couch then spiked the ball on the next play to stop the clock.

4

The referee announced well after the spike that Morgan's catch was going to be reviewed. (NFL rules state that after another play is run the previous play is not reviewable.) Upon review, it was determined to be a non-catch and the Jaguars were awarded the ball. Fans then started throwing bottles and other objects out of the stands and onto the field -- striking players and officials. The referee declared the game over and sent the teams to their locker rooms even though 48 seconds remained on the game clock. The NFL Commissioner subsequently contacted the referee, overrode the decision to end the game, and compelled both teams to return to the field and play the game from 48 seconds remaining in the game to its conclusion.[4]

The situation and outcome are eerily similar to the case sub judice. More importantly, it demonstrates that the NFL Commissioner has previously relied on Rule 17 to remedy a virtually identical situation after the game concluded.

January 28, 2019

Respectfully Submitted,

**FRANK J. D'AMICO, JR., APLC**

s/ Frank J. D'Amico, Jr
Frank J. D'Amico, Jr. (17519)
New Orleans, Louisiana 70113
Telephone No.: (504) 525-7272
Facsimile No.: (504) 525-9522

 s/ David S. Scalia
**THE DUGAN LAW FIRM, APLC**
James R. Dugan, II (24785)
David S. Scalia (21369)
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Tel: 504-648-0180
Fax: 504-648-0181

---

[4] See (www.espn.com/espn/wire?section=nfl&id=8693489).

CHEHARDY SHERMAN & WILLIAMS
James M. Williams (26141)
One Galleria, Suite 1100
Metairie, Louisiana 70001
(504) 217-2006

LAW OFFICE OF ALVENDIA,
KELLY & DEMAREST, LLC
Roderick "Rico" Alvendia, (2555)
J. Bart Kelly, III, (24488)
Jeanne K. Demarest, 23032)
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001

IRPINO AVIN & HAWKINS
Anthony D. Irpino (24727)
2216 Magazine St.
New Orleans, LA 70130
Tel: (504) 525-1500
Fax: (504) 525-1501

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 28th, 2019, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, and that I have served a copy of the above and foregoing upon all other counsel of record by placing same in the United States mail, properly addressed and with first class postage prepaid, or by hand delivery, facsimile, e-mail or other electronic means.

        s/ Frank J. D'Amico, Jr
        **Frank J. D'Amico, Jr.**