UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMY BADEAUX AND CANDIS LAMBERT, individually and on behalf of NEW ORLEANS SAINTS SEASON TICKET HOLDERS, NEW ORLEANS SAINTS NATIONAL FAN BASE a/k/a THE WHO DAT NATION, ANY PARTY WITH INTEREST THAT HAS BEEN AFFECTED BY THE OUTCOME<br><br>VERSUS<br><br>ROGER GOODELL as COMISSIONER OF THE NATIONAL FOOTBALL LEAGUE, NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES, LLC, Successor-in-interest to NFL PROPERTIES, INC. | NO. 2:19-CV-00566<br><br>JUDGE: E<br><br>MAGISTRATE: (5) |

**PLAINTIFFS' MEMORANDUM ON ISSUE OF STANDING**

**MAY IT PLEASE THE COURT:**

Now into Court, come Plaintiffs who submit this memorandum in support of Plaintiffs' standing pursuant Louisiana Code of Civil Procedure Article 3862, et seq.

In pertinent part, LCCP Article 3862 states that a mandamus action may be issued by a court where "the delay in obtaining ordinary relief may cause injustice." Furthermore, as set forth in the 2006 Louisiana Supreme Court ruling in *In Re Melancon*, 935 So.2d 661 (La. 2006), a plaintiff will have standing if he has a cognizable right that can be legally protected. Plaintiffs have asserted to the this Court that their cognizable right as season ticket holders entitles them to an opportunity to enter into a pool to purchase Super Bowl tickets at face value in order to watch the Saints at the Super Bowl on February 3, 2019. Plaintiffs further asserted that this Honorable

Court can legally protect their right by ordering Mr. Goodell to invoke Rule 17, which could potentially result in a reversal or replay of part or whole of the NFC Championship game, wherein a "no call" resulted in a blatantly unfair result. However, once the Super Bowl is played on February 3rd, the entire mandamus action becomes moot.

Conversely, at the hearing on Monday, January 28, 2019, counsel for the defendants, Goodell and the NFL, stated on the record that standing did not exist for the Plaintiffs because:

A. Even if Goodell wanted to invoke Rule 17, he could not overrule the officials' final rulings on the field, and;

B. Rule 17 has never been invoked in the 99 years of the NFL history (which somehow evidences why it cannot or should not be invoked in this case).

However, Plaintiffs subsequently submitted to the court a memorandum which proved both of these statements were false. In fact, counsel for the defendants subsequently conceded to this Court that unbeknownst to him on December 16, 2001 at the *Cleveland Browns vs. Jackson Jaguars* game, the Commissioner must have invoked certain sections of Rule 17. Indeed, in that game the "officials' final call" resulted in ending of the game 48 seconds too early, but the Commissioner directed the officials to reverse their final call on the field and restart the game even after the players had left the field.

Despite defense counsel's admission of presenting to this Court an inaccurate history of the Commissioner's prior use of Rule 17 and the inability of using Rule 17 to overrule the game officials' final call, today, January 30, 2019, at 1200 pm, the NFL Commissioner, Goodell, once again made the same misleading statements during his "State of the NFL Address" to the public

on national television. Without flinching, once again, Mr. Goodell made the same misleading statement that he (as Commissioner) could not and cannot overrule the officials' final calls in the NFC Championship game.

Mr. Goodell knows full well that the rules of the NFL and the Constitution and By-Laws of the NFL, effective February 1, 1970, (revised June 1, 2010), and more specifically Article 21.1 of the Constitution and By-Laws, clearly states that the National Football Conference Championship Game **shall be** under the supervision, control, and direction of the Commissioner. Additionally, Rule 17, Section 2, Article 2, specifically states the investigation called for in Section 2 will be conducted **solely** on the Commissioner's initiative to review an act of occurrence that the Commissioner deems so extraordinary or unfair that the result of the game in question would be inequitable to one of the participating teams.

Clear evidence that the Commissioner is refusing to take the required action is his alleged excuse, expressed by him at his press conference, that the prohibition against the NFL clubs availing themselves of Rule 17, somehow **precludes him**, as Commissioner from dispensing any of the remedies available to him pursuant to Rule 17. Rule 17, Section 2, Article 3 provides as follows:

> "The Commissioner's powers under this Section 2 include the imposition of monetary fines and draft-choice forfeitures, suspension of persons involved in unfair acts, and, if appropriate, the reversal of a game's result or the rescheduling of a game, either from the beginning or from the point at which the extraordinary act occurred."

This reasoning belies logic and is further evidence of the reason why the season ticket holders have standing to bring this mandamus.  As pointed out in various cases interpreting who has the right to bring a mandamus, the season ticket holders can demonstrate a special interest separate and distinct from the fans in general proving damage from the refusal of the Commissioner to implement Rule 17, and take the appropriate action.

Once again, commissioner Goodell and the NFL appear to be attempting to claim Rule 17 cannot legally protect the Plaintiff's cognizable rights. Plaintiffs respectfully submit to this Court that the defendants' repeated misleading statements to this Court and now to the public are flawed attempts to deprive the Plaintiffs of standing.

WHEREFORE, the Plaintiffs pray that this Court find that they have standing to bring this action.

Respectfully Submitted,

**FRANK J. D'AMICO, JR., APLC**

s/ Frank J. D'Amico, Jr
Frank J. D'Amico, Jr. (17519)
New Orleans, Louisiana 70113
Telephone No.: (504) 525-7272
Facsimile No.: (504) 525-9522

LAW OFFICE OF ALVENDIA,
KELLY & DEMAREST, LLC
Roderick "Rico" Alvendia, (2555)
J. Bart Kelly, III, (24488)
Jeanne K. Demarest, 23032)
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001

## CERTIFICATE OF SERVICE

I do hereby certify that on this 30th of January, 2019, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, and that I have served a copy of the above and foregoing upon all other counsel of record by placing same in the United States mail, properly addressed and with first class postage prepaid, or by hand delivery, facsimile, e-mail or other electronic means.

    Via Email: gjones@jonesswanson.com

s/ Frank J. D'Amico, Jr  
**Frank J. D'Amico, Jr.**
